Filed 3/3/16  P. v. Googin CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B265429 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA074739) |
| v. | |
| DAVID GOOGIN, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant David Googin (defendant) appeals his judgment of conviction and resulting sentence for two counts of first degree burglary.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On December 29, 2015, we notified defendant of his counsel's brief and gave him leave to file within 30 days a brief or letter stating any grounds or argument he wishes to have considered.  The window has closed and defendant has submitted no brief or letter.  We have reviewed the entire record and, finding no arguable issues, affirm the judgment.

On October 9, 2013, defendant was charged with two counts of first degree burglary in violation of Penal Code section 459.[1]  The information also alleged previous

---

[*]     ASHMANN-GERST, Acting P.J.          CHAVEZ, J.          HOFFSTADT, J.

convictions of prior serious or violent felonies, bringing defendant within the provisions of the "Three Strikes" law, sections 1170.12, subdivision (b), and 667, subdivisions (b)-(j), as well as the enhancement provision of section 667, subdivision (a)(1). The information also alleged that defendant served one prior prison term within the meaning of section 667.5.

The evidence showed that defendant broke into Robert Watson's (Watson) home on June 3, 2013, through a window and stole some change. On July 19, 2013, defendant was attempting to break in again but Watson caught him. The trial court denied defendant's motion to dismiss for insufficient evidence pursuant to section 1118.1.

A jury found defendant guilty of both counts and in a bifurcated proceeding, defendant waived trial and admitted three prior convictions. The trial court granted defendant's *Romero*[2] motion to strike his three prior "strike" convictions. The court then sentenced him to a total prison term of 18 years, 4 months comprised of: the low term of two years for one count of burglary; one year and four months, one-third the midterm, for the second count of burglary; and five years each for three "serious" felony convictions terms under section 667, subdivision (a)(1). The court struck the one-year prior enhancement under section 667.5, subdivision (b). Finally, the court suspended all fines and fees, and awarded defendant credit for time served. Defendant filed a timely notice of appeal.

We have independently examined the entire record and have determined that there are no other arguable issues on appeal. We are satisfied that defendant's counsel has fully complied with her responsibilities under *Wende*, *supra*, 25 Cal.3d at page 441.

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.